UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ABDULLAHI NUR, )<br>)<br>Defendant. ) | Docket No. 2:12-CR-159-GZS |

**SPEEDY TRIAL ORDER**

This matter comes before the Court upon the Government's Motion to Continue Count Two (ECF No. 143). In support of this motion, the Government has represented the following: (1) Defendant is charged in a two-count Indictment with possessing with intent to distribute cocaine base (Count One) and possessing with intent to distribute oxycodone (Count Two); (2) on August 1, 2013, the Court granted the Defendant's Motion to Sever Count Two; (3) as a result of this severance motion and two Speedy Trial Orders (ECF Nos. 105 & 111), Count Two was placed on the October trial list while Count One remained on the August 2013 trial list; (4) on August 29, 2013, a mistrial was declared on Count One; (5) on August 30, 2013, the Court granted a motion to withdraw by Defendant's Attorney and permitted Defendant to proceed with an oral request to proceed pro se and placed Count One on the Court's next available trial list for October 7, 2013; (6) the Government requests that Count One remain on the October 2013 trial list and that Count Two be continued to the November 2013 trial list; (7) depending upon the result of trial on Count One, the Government may consider moving to dismiss Count Two; and (8) the Government intends to go forward on Count One regardless of whether a conviction is obtained on Count Two. After full consideration of these representations, the Court hereby incorporates the Government's representations as findings of fact.

Additionally, as expressed orally at the September 10, 2013 conference of counsel and hearing, the Court makes the following additional findings: (1) following a *Faretta* colloquoy, the Court has granted Defendant's request to proceed pro se at the next trial; (2) Defendant is unable to prepare to represent himself at two separate trials in the month of October; (3) Defendant and his standby counsel have already received a transcript of the prior August trial on Count One; (4) Defendant and his standby counsel are best prepared to proceed with the re-trial of Count One in October and would benefit from additional time to prepare for any trial on Count Two (assuming the Government even proceeds to trial on the Count Two charge); and (5) Defendant's current speedy trial calculation indicates an October 27, 2013 deadline for commencing trial on Count Two; (6) after October 7, 2013, the Court's next available jury selection date is November 4, 2013; and (7) Defendant has not shown that he will be prejudiced by a November trial date on Count Two although the Court acknowledges that he has refused to waive his statutory and constitutional rights to a speedy trial on Count Two.

After full consideration of the record in this case and the findings laid out above, the Court believes that any period of delay caused by the need to conduct a re-trial on Count One and a separate jury selection and trial on Count Two should be excluded from calculation under the Speedy Trial Act. Taking into consideration the factors set forth in Title 18, United States Code, Section 3161(h)(7)(B), the Court can and does find that the ends of justice served by the Government's requested continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS HEREBY ORDERED THAT:**

1. The Government's motion is hereby **GRANTED**.

2. The case with respect to Count Two shall be placed on the November 2013 trial list.

3. The time period between October 7, 2013 and November 4, 2013 is hereby excluded from calculations under the Speedy Trial Act, Title 18, United States Code, Section 3161 *et seq*.

**SO ORDERED.**

      /s/ George Z. Singal
      United States District Judge

Dated this 12th day of September, 2013.