UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 2:12-CR-159-GZS |
| ABDULLAHI NUR, | ) |
| | ) |
| Defendant. | ) |

ORDER
RE: OCTOBER 15, 2013 CONTEMPT OF COURT

On October 15, 2013, the Court commenced and completed a one-day jury trial on Count One. At trial, Mr. Nur exercised his constitutional right to represent himself. Acting as his own lawyer, he requested that he be allowed to defer his opening statement until the Government rested its case-in-chief, which the Court allowed. After the Government rested, Defendant indicated that he wished to testify and give his opening statement. Defendant proceeded to give an opening statement to the jury in which he essentially provided the jury his own narrative of the events that occurred on the night in question. While allowing Mr. Nur to lay out his anticipated testimony, the Court nonetheless admonished Nur at least five times during his opening statement for including improper arguments. At a sidebar requested by Mr. Nur immediately after completion of his opening statement, Nr. Nur suddenly announced that he would not testify or present other evidence and rested his case. As a result, the Court instructed the jury to disregard Mr. Nur's opening statement. In the Court's assessment, Mr. Nur deliberately lied to the Court about his intention to testify in order to be permitted to give an opening statement in which he provided the jury his version of the relevant events without having to testify under oath and be subject to cross-examination.

With evidence now closed, the Court inquired as to how much time each side wanted for closing arguments. Each side requested five minutes. The Court indicated it would give each side ten minutes and give the Government an additional five minutes for rebuttal. Mr. Nur did not object to this plan for closing arguments.

During his ten-minute closing statement, the Court admonished Mr. Nur and instructed the jury to disregard portions of his closing argument more than a dozen times. The Court's admonishments reflected Mr. Nur's deliberate misstatements of the evidence, irrelevant references that were designed to lead the jury to decide the case on considerations other than the evidence, as well as an attempt to put his previous August trial testimony before the jury. After giving Mr. Nur a one-minute warning, Mr. Nur was instructed that his closing argument time had expired. At this point, Mr. Nur refused to stop speaking. He again attempted to put before the jury the issue of "sending [him] to prison" although the Court had previously explicitly instructed him that this was an improper argument. The Court then announced that it was holding Mr. Nur in contempt of court. After excusing the jury, the Court ultimately ordered Mr. Nur removed from the courtroom until he would stop his disruptive behavior. See Fed. R. Crim. P. 43(c)(1)(C). After Mr. Nur's departure, the Court appointed his stand-by counsel to represent him.

The Court hereby incorporates by reference the trial excerpt of Mr. Nur's closing argument (ECF No. 172) as the specific factual basis for its finding that Mr. Nur engaged in misbehavior that obstructed the administration of justice. The Court certifies that it directly observed this in-court contemptuous conduct. The Court hereby notifies all parties that it will proceed with a summary disposition in accordance with Federal Rule of Criminal Procedure 42(b).

This Order shall serve as a written notice of the facts underlying the Court's contempt finding. The Court will allow Defendant an opportunity to be heard before finally adjudicating this contempt. Therefore, the Court will RESERVE RULING on the sentence to be imposed for Defendant's contempt until the time of sentencing on the underlying criminal case. The maximum sentence the Court will consider imposing is six months in prison.

SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 16th day of October, 2013.